JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK AND SHERI VOLNER

**DEFENDANTS**
THE BOSTON BEER COMPANY and SAMUEL ADAMS PENNSYLVANIA BREWERY COMPANY

**(b)** County of Residence of First Listed Plaintiff  ROWAN, NC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  SUFFOLK COUNTY, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Freiwald Law, P.C.
1500 Walnut Street, 18th Floor, Phila. PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 US Code § 1332

Brief description of cause:
Plaintiff was injured while working at Defendants' facility.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $4.5 million

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  4/14/16
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 350 SUNFISH TERRACE, SALISBURY, NC 28146

Address of Defendant: ONE DESIGN CENTER PLACE, SUITE 850, BOSTON, MA 18031

Place of Accident, Incident or Transaction: 7880 PENN DRIVE, BREINIGSVILLE, PA 18031

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _Premises Liability_

---

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Glenn Ellis_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/14/16   _____(signature)_____ Attorney-at-Law   93777   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/14/16   _____(signature)_____ Attorney-at-Law   93777   Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARK AND SHERI VOLNER | : | CIVIL ACTION |
| v. | : | |
| THE BOSTON BEER COMPANY and SAMUEL ADAMS PENNSYLVANIA BREWERY COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 4/14/16 | GLENN A. ELLIS, ESQUIRE | PLAINTIFF |
| Date | **Attorney-at-law** | **Attorney for** |
| (215) 875-8000 | (215) 875-8575 | GAE@FREIWALDLAW.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

    (a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK AND SHERI VOLNER<br>350 Sunfish Terrace<br>Salisbury, North Carolina, 28146<br>    Plaintiffs<br>  v.<br><br>THE BOSTON BEER COMPANY<br>One Design Center Place, Suite 850<br>Boston, Massachusetts, 02210<br>    Defendant<br>and<br><br>SAMUEL ADAMS PENNSYLVANIA<br>BREWERY COMPANY<br>7880 Penn Drive<br>Breinigsville, Pennsylvania, 18031<br>    Defendant | CIVIL ACTION<br><br>Case No. |

## COMPLAINT

Plaintiff, Mark Volner and his wife Sheri Volner by and through his attorneys, Freiwald Law, P.C., allege the following in support of this Complaint:

**I.    PARTIES**

1. Plaintiff Mark Volner was born on June 29, 1961 and is an adult citizen and resident of Salisbury, North Carolina. He resides with his wife Sheri Volner at 350 Sunfish Terrace, Salisbury, North Carolina, 28146.

2. Since 1986, Plaintiff Mark Volner has worked as a pipe welder/fitter in the food services industry.

3. Plaintiff Mark Volner is a FDA and USDA certified 3A Food Grade Sanitary Pipe Welder/Fitter.

-2-

4. Plaintiff Mark Volner was hired on or about June 28, 2015 by Industrial Service and Installation, Inc. (ISI), headquartered in Emigsville, Pennsylvania, to work as a pipe welder/fitter at the Samuel Adams brewery located at 7880 Penn Drive, Breinigsville, Pennsylvania, 18031.

5. The Samuel Adams brewery in Breinigsville, Pennsylvania is owned by Defendant The Boston Beer Company ("the Company"), which is headquartered at One Design Center Place, Suite 850, Boston, Massachusetts, 02210.

6. The Company purchased its Breinigsville, Pennsylvania brewery in June 2008.

7. The Pennsylvania brewery is the Company's largest brewery, which produces most of the Company's shipment volume.

8. The Company owns approximately 76 acres of land in Breinigsville, Pennsylvania, consisting of the two parcels on which the Company's Pennsylvania brewery is located. The buildings on this property consist of approximately 1 million square feet of brewery and warehouse space.

9. The Samuel Adams brewery in Breinigsville, Pennsylvania is operated by the Defendant Samuel Adams Pennsylvania Brewery Company, LLC, which is wholly owned by Defendant The Boston Beer Company.

**II.   JURISDICTION**

10. This Court has jurisdiction over this matter since there is complete diversity among the parties and the amount in question is greater than $75,000.00.

-3-

**III.     FACTS**

11.     Beginning in the second half of 2013, the Company had product shortages and service issues. The Company's supply chain struggled under the increased volume and experienced increased operational and freight costs as it attempted to react to the shortages.

12.     In 2013 and 2014, the Company took steps to significantly increase its packaging capabilities and tank capacity at its Pennsylvania brewery to address these challenges.

13.     As part of increasing its packaging capabilities and tank capacity, the Company hired ISI.

14.     Plaintiff Mark Volner began working at Defendants' Pennsylvania brewery in August of 2015, which required a temporary relocation to the Breinigsville area.

15.     It should be noted that Plaintiff Mark Volner had previously worked at the Pennsylvania brewery in 2014 for a company called Sanitary Process Systems, Inc., which is located in Lititz, Pennsylvania.

16.     When Plaintiff Mark Volner returned with ISI, he was tasked with helping to install a new yeast distribution system connected to the existing fermentation system.

17.     The new yeast distribution system was being installed next to the existing sugar system, which supplies liquid sugar to different areas of the brewery.

18.     Installing a new yeast distribution system involved installing new stainless steel piping, pumps, and control modules which were connected to and controlled yeast distribution to the fermentation tanks.

19.     Despite the fact that the Plaintiff and his fellow workers were attempting to install the new yeast distribution system, Defendants continued their normal brewery operations in the area where Plaintiff was working.

20. Despite the fact that Plaintiff and his fellow workers were attempting to install the new yeast distribution system, Defendants continued to use the sugar system.

21. In order to continue to use the sugar system, Defendants cut a hole in the wall and dragged a 4 inch hose through the wall and hooked it up to a large liquid sugar pump to draw the sugar into the system.

22. Despite the fact that Plaintiff and his fellow workers were attempting to install the new yeast distribution system, Defendants failed to put up any barriers to keep the sugar from entering into Plaintiff's work area.

23. Despite the fact that Plaintiff and his fellow workers were attempting to install the new yeast distribution system, Defendants allowed and caused Plaintiff's work area to be contaminated and coated with liquid sugar.

24. On September 28, 2015, Plaintiff Mark Volner was asked by one of the Company engineers to "tear a pump loose", in other words, to remove a pump that had already been positioned and installed.

25. Normally, the Plaintiff would get down on his knees to remove the pump but because the floor was so sticky and covered in sugar he had to bend over to pull the pump out.

25. As he attempted to pull the pump out, he lost his footing due to the sugar coating the floor. He dropped the pump and reached out to prevent himself from falling. As he did that, he felt his back twist out of place.

26. Instantly, he felt intense and excruciating pain in his right mid-lower back area.

27. Plaintiff immediately notified his supervisor and went back to work with progressively worsening pain.

28. The Plaintiff returned to the work site but was unable to return to work the next day, so he collected his tools and returned to North Carolina.

29. On October 5, 2015, Plaintiff presented to his family doctor, Timothy Dagenhart, M.D., complaining of 9 out of 10 back pain, numbness, and paresthesia. Dr. Dagenhart's impression was probable acute central herniated disc L2 through L4 with a degree of impingement and radiculopathy.

30. Since the Plaintiff's injury occurred at work, he was asked by ISI to go to FASTMED Urgent care in Salisbury, North Carolina.

31. Plaintiff was seen at FASTMED on October 19, 2015. According to the doctor at FASTMED, Plaintiff was suffering from severe low back pain with neuropathy and lower leg weakness requiring the need for an urgent referral to a neurosurgeon.

32. The doctor at FASTMED instructed the Plaintiff that he was to "Avoid kneeling entirely. Avoid squatting entirely. Avoid bending over entirely. Avoid twisting entirely. Avoid jumping entirely. Avoid running entirely. Avoid climbing ladders entirely. Avoid prolonged sitting. Avoid prolonged standing. No lifting . . . greater than 0 lbs. Notes: NO LIFTING WHATSOEVER."

33. On November 3, 2015, Plaintiff was seen at Greensboro Orthopedics for lumbar and cervical pain. The Plaintiff's symptoms included mid-lower stabbing back pain (7-8 out of 10), decreased range of motion, paresthesia, numbness, and stiffness. It was noted that Plaintiff's pain radiated down bilaterally to his hips and lower extremities.

34. In addition, it was noted that Plaintiff suffered from pain in his neck at the base of his skull leading to migraine type headaches and popping in his neck with motion and tingling in his fingers of both hands.

35. As a result of his injury, Plaintiff ambulates with a slow, antalgic, unstable gait, which requires the use of a cane.

36. Subsequent MRIs and examination of the Plaintiff's back showed lumbar disc herniation with stenosis, multi-level changes and lower extremity neuropathy with weakness.

37. As a result of the above injury, Plaintiff has had extensive medical treatment and will need more medical treatment, including likely surgery.

38. As a result of the above injury, Plaintiff has suffered a loss of earnings and earning capacity.

39. As a direct and proximate result of the negligence of Defendants, Plaintiff is disabled and will be unable to perform in his chosen occupation.

40. The injuries described in this Complaint were caused solely and exclusively by Defendants and/or Defendants' agents, servants, and/or employees and were in no manner whatsoever caused or contributed to by any act or omission on the part of Plaintiff.

41. The actions and/or inactions of Defendants increased the risk of harm to Plaintiff.

42. As a direct result of the actions or inactions of the Defendants, their agents, servants, and employees, Plaintiff suffered a lower back injury which has caused severe, permanent, and disabling damage, all of which has caused him and will in the future cause him great pain, suffering, and economic loss.

43. As a direct and legal consequence of the negligence and other liability of Defendants, Plaintiff Mark Volner suffered the following injuries, including but not limited to:

    (a)    lower back injury;

    (b)    lower back pain;

    (c)    pain radiated down to bilateral hips and lower extremities;

-7-

(d)  lumbar disc herniation;

(e)  lower extremity neuropathy;

(f)  permanent neurologic injury;

(g)  decreased range of motion;

(h)  paresthesia;

(i)  numbness/stiffness;

(j)  migraines;

(k)  depression and mental anguish;

(l)  embarrassment/humiliation;

(m)  scarring/disfigurement;

(n)  humiliation;

(o)  loss of life's pleasures;

(p)  loss of past earnings;

(q)  loss of future earning capacity;

(r)  psychological damage;

(s)  other injuries as documented in the medical records; and

(t)  incidental and other expenses.

44. As a direct and legal consequence of the negligence and other liability of Defendants, Plaintiff Sheri Volner has lost the services and comfort of her husband Mark Volner.

WHEREFORE, Plaintiff demands judgment in excess of $150,000.00 for damages upon this count of the Complaint against Defendants, jointly and/or severally, together with costs of suit, interest and attorneys' fees.

## COUNT I - NEGLIGENCE
### Mark & Sheri Volner v. Defendants

45.    The previous paragraphs are incorporated here as if fully set forth at length.

46.    The Plaintiff's lower back injury was a direct and proximate result of the negligence of Defendants, the owners of the premises for the following reasons:

    a)    Defendants continued on with their normal brewery operations in the area where the Plaintiff was working;

    b)    Defendants continued to bringing in liquid sugar through the area, where the Plaintiff was working, to be used in the sugar system;

    c)    Defendants failed to put up any barriers to keep the sugar from entering into the Plaintiff's work area;

    d)    Defendants allowed and caused the Plaintiff's work area to be covered and coated with liquid sugar;

    e)    Defendants failed to select personnel who were capable and qualified to operate the brewery sugar system in a good, workmanlike, and safe manner; and

    f)    Defendants were negligent in approving and accepting designs, plans and specifications for the installation of the yeast system in a dangerous and unsafe location.

-9-

WHEREFORE, Plaintiff demands judgment in excess of $150,000.00 for damages upon this count of the Complaint against Defendants jointly and/or severally, together with costs of suit, interest and attorneys' fees.

                                      **FREIWALD LAW, P.C.**

By: _____
      AARON J. FREIWALD, ESQUIRE
      GLENN A. ELLIS, ESQUIRE
      Counsel for Plaintiff

Date: 4/14/16